**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

TORLEADOS D. BUTLER,                :

                Petitioner,       :

                              :

v.                                  :       Case No. 5:25-cv-388-CAR-AGH

                              :

Warden MARK AGBAOSI,                 :

                              :

                Respondent.       :

_____

## <u>ORDER</u>

Before the Court are Petitioner's *pro se* motions for discovery and for an evidentiary hearing.  (ECF Nos. 10, 14, 19).  As explained below, the Court denies Petitioner's motions because he fails to demonstrate that he is entitled to either discovery or an evidentiary hearing.

Petitioner first moves to compel discovery.  Mot. to Compel, ECF No. 10.  However, the Court received Petitioner's motion to compel discovery on January 6, 2026, which was before Respondent filed an answer to Petitioner's petition for writ of habeas corpus on January 20, 2026.  *Id.*; Answer, ECF No. 11.  Petitioner's motion to compel discovery is, thus, premature.  Further, as the Court advised Petitioner when it ordered Respondent to respond to the habeas petition, "[n]o discovery shall be commenced by either party without the express permission of the Court."  Order 2, Nov. 19, 2025, ECF No. 6.  Thus, Petitioner's motion to compel (ECF No. 10) is **DENIED**.

Next, Petitioner seeks leave to conduct discovery.  Specifically, Petitioner seeks discovery to obtain various documents.  Mot. to Conduct Disc. 1-2, ECF No. 14. Petitioner asserts that these documents will "help support" his claims, and they will "prove a miscarriage of justice on the part of the Superior Court of Putnam County." *Id.* at 2.  To obtain discovery in a habeas petition filed under 28 U.S.C. § 2254, a petitioner must show "good cause," which can be demonstrated with "'specific allegations . . . show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he . . . is entitled to relief.'"  *Arthur v. Allen*, 452 F.3d 1234, 1247 (11th Cir. 2006) (first and third alteration in original) (citation omitted); *see also* R. Governing Section 2254 Cases in the U.S. Dist. Cts. 6(a) ("A judge *may*, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure[.]" (emphasis added)).

Here, Petitioner submitted a list of documents with little to no explanation of the documents' relevancy to his claims.  *See* Mot. to Conduct Disc. 1-2.  While Petitioner generally explained what each document *was*, he failed to offer any allegations or explanation of *why* these documents would help support his habeas claims in this Court.  *Id.*  While some of the documents that Petitioner seeks could arguably have some bearing on Petitioner's claims, others are less obvious.  For example, Petitioner seeks records that relate to the appointment of his conflict counsel, along with video that the prosecutor allegedly had in a specific case, with no explanation of what video is being sought or how it is relevant to Petitioner's federal habeas claims.  *Id.* at 2.  As a result, the Court finds that Petitioner fails to show good

2

cause such that discovery should be granted.  Consequently, Petitioner's motion to conduct discovery (ECF No. 14) is **DENIED**.

Finally, Petitioner requests an evidentiary hearing so that he can resolve "questions concerning . . . Respondent's Exhibit 3 Waiver of Right of Jury Trial Form and to determine why . . . plea counsel Timothy L. Lam did not advise [Petitioner] of his right to withdraw his guilty plea." Mot. for Evid. Hrg. 1, ECF No. 19.  However, as discussed below, Petitioner had the opportunity to develop the factual basis for his claims during his state habeas hearing, including his concerns regarding the Waiver and Mr. Lam's alleged failure to advise him of his right to withdraw his guilty plea, but Petitioner failed to do so.

In cases where a petitioner failed to develop the factual basis for a claim at the state habeas level, to obtain an evidentiary hearing in federal court on a § 2254 petition, the petitioner must show that his claim is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or a factual predicate that could not have been previously discovery through the exercise of due diligence[,]" and that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(A)-(B).  In this case, Petitioner does not claim that a new rule of constitutional law applies, so he must assert a factual predicate that he could not have discovered through reasonable diligence.  Petitioner has not done so.

Petitioner's state habeas petition was heard by the state court on March 30, 2021. Resp't's Ex. 7, at 1, ECF No. 12-7. Mr. Lam, Petitioner's trial counsel, testified on direct for the state, followed by Petitioner's cross examination. *Id.* at 13-36. During cross examination, Petitioner had the opportunity to inquire regarding Mr. Lam's alleged failure to advise Petitioner of Petitioner's ability to withdraw his guilty plea, but Petitioner did not do so. *See id.* at 24-36. Notably, on direct examination, the state elicited testimony regarding Mr. Lam's advice to Petitioner regarding withdrawing a guilty plea, but that prompted no follow up from Petitioner. *Id.* at 20-21. Regarding Respondent's Exhibit 3, the Waiver of Right of Jury Trial Form, the state indicated at the close of the hearing on Petitioner's state habeas petition that it was still waiting to receive it from the clerk's office of the Putnam County superior court. Resp't's Ex. 7, at 39. The court gave the state thirty days to submit the Waiver. *Id.* at 50. As with Mr. Lam's testimony, the colloquy regarding the Waiver prompted no response from Petitioner. In other words, Petitioner had notice of both Mr. Lam's testimony regarding his advice regarding withdrawing Petitioner's guilty plea and the then-forthcoming submission of the Waiver, but Petitioner did not offer any further discussion or inquiry. Because Petitioner had notice of both issues at his March 30, 2021 state habeas hearing, the Court finds that Petitioner fails to show a factual predicate that he could not have discovered through reasonable diligence. Consequently, Petitioner has not demonstrated his entitlement to an evidentiary

4

hearing as set forth in 28 U.S.C. § 2254(e)(2), and his motion for an evidentiary hearing (ECF No. 19) is **DENIED**.[1]

    **SO ORDERED**, this 9th day of July, 2026.

       s/ *Amelia G. Helmick*
       UNITED STATES MAGISTRATE JUDGE

---

[1] As briefing has concluded on Respondent's response to Petitioner's federal habeas application, the Court will issue a separate recommendation as to Petitioner's federal habeas application at a later date.